CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 28 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 5:14cr00034 |
| v. | ) |
| | ) |
| EMILIO LOAEZA-MONTES, | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| Petitioner. | ) |

## MEMORANDUM OPINION

Emilio Loaeza-Montes, a federal inmate proceeding pro se, has filed a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and Loaeza-Montes has responded, making this matter ripe for consideration. Because Loaeza-Montes has not raised any claim entitling him to relief, his petition must be dismissed.

I.

Loaeza-Montes, a Mexican national, was charged in an information with illegally reentering the United States after having been removed on or about July 5, 2013, "subsequent to a conviction for commission of an 'aggravated felony,' as defined in 8 U.S.C. § 1101(a)(43)," in violation of 8 U.S.C. § 1326(a) and (b)(2). Information at 1, ECF No. 15. Loaeza-Montes had previously been removed from the United States on two occasions. In 2002 he pleaded guilty to aggravated assault and leaving the scene of an accident with injury, was sentenced to three years' imprisonment and three years' probation, and removed in 2004. In 2009, he pleaded guilty to transporting illegal aliens and reentry as a removed alien,

1

was sentenced to five years' imprisonment and five years' supervised release, and removed in 2013. PSR ¶¶ 23, 24, ECF No. 38.

Loaeza-Montes pleaded guilty to the illegal reentry charge, pursuant to a written plea agreement. Plea Agreement at 1, ECF No. 21. The parties stipulated to a base offense level of 8 under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(a), with a 16-level enhancement for having previously been removed following a conviction for an alien smuggling offense under U.S.S.G. § 2L1.2(b)(1)(A). Id. at 3.

The Presentence Investigation Report ("PSR"), in accordance with the plea agreement, recommended a base offense level of 8, with a 16-point enhancement for a prior conviction for an alien smuggling offense and a criminal history category of IV. PSR at ¶¶ 11, 12, 27, ECF No. 38. The PSR calculated Loaeza-Montes' advisory guideline range at 57 to 71 months. Id. at ¶ 41.

Prior to Loaeza-Montes' sentencing hearing, neither party objected to the PSR, and the court accepted the PSR without change. The court varied downwards from the advisory sentencing guideline range to 36 months to account for Loaeza-Montes' dire financial circumstances stemming from his wife's medical debt and to avoid unwarranted sentencing disparities with others involved in the offense conduct. Loaeza-Montes did not appeal.

In his July 1, 2016 § 2255 petition, Loaeza-Montes argues that his conviction runs afoul of the decision of the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Loaeza-Montes claims that following Johnson, none of his prior convictions support the 16-point enhancement applied in his case. In accordance with Standing Order 2015-5, the court appointed the Federal Public Defender ("FPD") to

2

represented Loaeza-Montes and file additional briefing, if necessary. The FPD declined to file any additional briefing and moved to withdraw, which the court allowed. Notice at 1, ECF No. 42; Order, ECF No. 44.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Loaeza-Montes bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Loaeza-Montes' claim fails because it is untimely. A § 2255 petition must adhere to strict statute of limitations requirements before any of the substantive issues may be addressed. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Loaeza-Montes filed his petition on July 1, 2016, more than one year after his final judgment was entered on March 5, 2015. As such, his claim is untimely under § 2255(f)(1). His petition is also untimely under § 2255(f)(3). The Supreme Court's decision in Johnson, which was issued on June 26, 2015, announced a new rule of constitutional law that applies retroactively, Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Loaeza-Montes' case, and so his petition does not fall within the § 2255(f)(3) exception.

Loaeza-Montes argues that he should not have received a 16-point enhancement for having previously been deported following a conviction for "an alien smuggling offense" for which criminal history points were received. See U.S.S.G. § 2L1.2(b)(1)(A)(vii) (providing for a 16-point enhancement when a defendant has previously been deported following a conviction for "an alien smuggling offense"). However, the court correctly applied § 2L1.2(b)(1)(A) because on July 31, 2009, Loaeza-Montes was convicted in the United States District Court for the Middle District of Florida of transporting illegal aliens and was sentenced to five years imprisonment.[1] PSR ¶ 24, ECF No. 38.

The Supreme Court's opinion in Johnson, concerning the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), has no bearing

---

[1] Because Loaeza-Montes was properly given the 16-point enhancement under § 2L1.2(b)(1)(A), his claim that counsel provided ineffective assistance for failing to object to the 16-point enhancement, under Strickland v. Washington, 466 U.S. 668 (1984), necessarily fails. See Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) (noting that failing to raise a meritless challenge does not constitute ineffective assistance of counsel).

4

on this case. [2] Loaeza-Montes received a 16-point enhancement for a prior conviction for a smuggling offense, which is not defined using the wording found unconstitutional in Johnson.[3] As a result, Loaeza-Montes' Johnson claim as related to U.S.S.G. § 2L1.2(b)(1)(A)(vii),lacks merit.

Finally, because Loaeza-Montes claim has no merit, the court need not reach the government's argument that Loaeza-Montes waived his ability to bring a § 2255 petition in his plea agreement.

III.

For the reasons stated, the court will **GRANT** the government's motion to dismiss, ECF No. 49, and **DISMISS** Loaeza-Montes' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 40. Because Loaeza-Montes has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

An appropriate Order will be entered this day.

Entered: 10-27-2016

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge

---

[2] In Johnson, the Supreme Court concluded that one of the ACCA's definitions of "violent felony" – a conviction that "involves conduct that presents a serious potential risk of physical injury to another," – was unconstitutionally vague. 135 S. Ct. at 2563.
[3] Although the reasoning in Johnson potentially could affect the interpretation of other guidelines provisions, none of those guidelines are at issue here. Accordingly there is no reason to stay this case pending the decision of the United States Supreme Court in Beckles v. United States, No. 15-8544, which will address Johnson's applicability to similar wording in the guidelines. As such, the government's motion to stay, ECF No. 47, is **DENIED** as moot.